# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Thomas & Wong General Contractor,
a Brunei Darussalam corporation,

        Plaintiff,

   v.

The Lake Bank, N.A.,
d/b/a The Lake Bank,

        Defendant.

**ORDER**
Civ. No. 06-515 ADM/RLE

_____

Mark J. Kallenbach, Esq., Kallenbach Law Office, Minneapolis, MN, argued on behalf of Plaintiff.

Stephanie A. Ball, Esq., Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, MN, argued on behalf of Defendant.

_____

On December 1, 2009, the undersigned United States District Judge issued an Order [Docket No. 144], which denied Plaintiff Thomas & Wong General Contractor's ("Thomas & Wong") Second Motion for Summary Judgment [Docket No. 119] and granted in part and denied in part Defendant The Lake Bank, N.A.'s ("Lake Bank") Motion for Summary Judgment [Docket No. 113]. Pursuant to Local Rule 7.1(h), Thomas & Wong requests [Docket No. 148] permission to file a motion to reconsider a ruling made in the Court's Order.

Specifically, Thomas & Wong requests the Court to permit further argument on whether Thomas & Wong should be allowed to seek damages as a result of Lake Bank's delay in delivering an Assignment and Control Agreement relating to a security interest the Founders Mezzanine Stock fund. See Mem. Opinion and Order, Dec. 1, 2009 ("Order") at 19. Thomas & Wong argues it never received delivery of the Founders Mezzanine stock shares from Lake

Bank, and as a result could not sell the shares. Lake Bank has filed a letter [Docket No. 151] opposing the request for reconsideration.

The Court has re-examined the Order in light of Thomas & Wong's argument and rejects the request for permission to bring a motion for reconsideration. Permission to make a motion to reconsider "will be granted only upon a showing of compelling circumstances." LR 7.1(h). The circumstances argued by Thomas & Wong, namely Lake Bank's non-delivery of stock certificates it did not possess, were circumstances considered by the Court when making its ruling. See Order at 19, n.7 (observing "the record does not indicate that Lake Bank was in possession of the Founders Mezzanine stock certificates"). The evidence shows that Lake Bank possessed an Assignment and Control Agreement reflecting a security interest in the Founders Mezzanine Stock fund. Thomas & Wong presented no evidence that Lake Bank's delayed delivery of the Assignment and Control Agreement on June 7, 2004 instead of September 5, 2003 resulted in a loss to Thomas & Wong. Additionally, Thomas & Wong does not explain how Lake Bank's assignment of its security interest in the Founders Mezzanine Stock fund to Thomas & Wong resulted in an obligation by Lake Bank to locate, obtain, and deliver stock certificates not in its possession and deliver them to Thomas & Wong. Further briefing on a motion to reconsider is unnecessary.

Thomas & Wong has also filed a letter [Docket No. 150] with the Court asking whether Thomas & Wong could seek damages greater than $167,085.42 if it were to dismiss its fraud claim and proceed solely on its contract claim. Lake Bank filed a letter [Docket No. 152] in response. Thomas & Wong's inquiry has not been brought in the form of a motion and appears to seek an advisory opinion. Article III prohibits a court "from issuing an advisory opinion upon

a 'hypothetical' set of facts." Anderson-Tully Co. v. McDaniel, 571 F.3d 760, 761 (8th Cir. 2009). Therefore, the Court declines to respond to the inquiry. The rule for measuring damages for a breach of contract is set forth in the Order and requires no further clarification. See Order at 16.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Thomas & Wong's request [Docket No. 148] for permission to bring a motion to reconsider is **DENIED**.

                              BY THE COURT:


                              s/Ann D. Montgomery
                              ANN D. MONTGOMERY
                              U.S. DISTRICT JUDGE

Dated: January 28, 2010.